

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERSIN TABAK,<br><br>                                Petitioner,<br><br>v.<br><br>SIXTO MARRERO, et al.,<br><br>                          Respondents. | Case No.: 3:26-cv-1640-CAB-DDL<br><br>**ORDER GRANTING PETITION**<br>**FOR A WRIT OF HABEAS CORPUS**<br><br>[Doc. No. 1] |

Petitioner Ersin Tabak ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]  Petitioner alleges he was previously released from immigration detention on September 8, 2022.  [*Id.* at 2.]  Then, on February 2, 2026, Petitioner was detained while walking on the street in Los Angeles, California.  [*Id.* at 2, 6.]  Respondents acknowledge that Petitioner was previously released from immigration but that Immigration and Customs Enforcement ("ICE") "has since canceled" his bond.  [Doc. No. 4.]

## I.    LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody.  Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  The petitioner bears the burden of

demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## II. DISCUSSION

Petitioner argues that his detention without notice on February 2, 2026 violates the Fifth Amendment. [Petition at 7–10.] Respondents' position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). [Doc. No. 4 at 1–2.] However, Respondents also acknowledge that this Court and others have repeatedly reached the opposite conclusion under the same and/or similar facts and so "do[] not oppose the petition and defer[] to the Court on the appropriate relief." [*Id.* at 2.]

The Due Process Clause of the Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). This protection applies to noncitizens as it does to U.S. citizens. *See Wong Wing v. United States*, 163 U.S. 228, 238 (1896) ("[E]ven aliens shall not . . . be deprived of life, liberty, or property without due process of law.").

"Courts have previously found that individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody[.]" *Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2578207, at *3 (N.D. Cal. Sept. 5, 2025) (listing cases). Indeed, "the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025) (cleaned up) (internal quotation marks omitted) (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).

In *Noori v. LaRose*, 807 F. Supp. 3d 1146 (S.D. Cal. 2025), the government violated a noncitizen parolee's Fifth Amendment due process rights when the government revoked his parole by sending a mass electronic notification one morning and arresting him later that day at his immigration hearing. *Id.* at 1155, 1167. The *Noori* court thus held that he

3:26-cv-1640-CAB-DDL

had a "protectable expectation of his due process rights in his removal proceedings . . . and was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination." *Id.* at 1165.

Here, Petitioner received even less due process than the *Noori* petitioner. Petitioner received no notification or individualized reason as to why his parole was being revoked before he was detained on February 2, 2026. Nor have Respondents explained, even after the fact, what circumstances have changed to warrant Petitioner's re-detention.

### III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the petition for a writ of habeas corpus and **ORDERS** Respondents to immediately release Ersin Tabak from custody under the same conditions which existed immediately prior to Petitioner's detention on February 2, 2026.

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: March 20, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge